**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALICE P. WALSH;** *and* **THEODORE G. CALDES,** *Trustee, Rosemary B. Zweig Revocable Trust,*

                      Plaintiffs,           1:07-CV-978
                                              (GLS/DRH)

                v.

**CSX TRANSPORTATION, INC.,**

                      Defendant.
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

Office of Timothy Nugent            TIMOTHY NUGENT, ESQ.
579 Columbia Turnpike
Hamilton Building
East Greenbush, NY 12061

**FOR THE DEFENDANT:**

Nixon, Peabody Law Firm            BENJAMIN R. DWYER, ESQ.
Key Towers at Fountain Plaza       SUSAN C. RONEY, ESQ.
40 Fountain Plaza
Suite 500
Buffalo, NY 14202

**Gary L. Sharpe**
**U.S. District Judge**

**DECISION AND ORDER**

## I. Introduction

Pending is defendant CSX Transportation, Inc.'s ("CSX") motion to dismiss under FED. R. CIV. P. 12(b)(6).  (See Dkt. No. 16.)  Alice P. Walsh and Theodore G. Caldes ("Walsh") bring this action alleging that defendant CSX wrongfully closed a private grade railroad crossing which provided access between two parcels of her land.  Walsh asserts broad claims under 42 U.S.C. § 1983 for unspecified constitutional violations; the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq.*; the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101, *et seq.*; the New York State Railroad Law; and for common law trespass.  (See Dkt. No. 15.)  For the reasons that follow the motion is granted in part and denied in part.

## II. Background

Walsh owns a parcel of land consisting of approximately 36 acres in the vicinity of the Village of Castleton-on-Hudson.  The property is divided by railroad tracks which are owned by CSX.  Up until approximately May 1, 2001, access between the two parcels was available at a private railway crossing.  On or about that date CSX "wrongfully trespassed upon

2

[Walsh's] property" blocked access to the crossing and thereafter rendered the crossing unusable. On April 27, 2007, Walsh filed suit against CSX in New York State Supreme Court, Rensselear County. (See Dkt. No. 1.) On September 19, 2007, CSX removed the action to this court. *Id.*

### III. Standard of Review

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir.2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir.2005)

3

(citation omitted).

## IV. Discussion

### A. Statutory Claims

CSX raises two arguments for dismissal of Walsh's statutory claims. First, that these claims have been insufficiently pled, and none of the statutes invoked give rise to a claim for the improper closure of a railroad crossing. Second, that each statutory claim is barred by the applicable statute of limitations. Finding the first argument to be dispositive, the court declines to address the second.

#### 1. Federal Railroad Safety Act

The FRSA's purpose is to "promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101. Nothing in the Act or its legislative history indicates an intention to create a private right of action. Indeed, enforcement powers under the FRSA are vested solely with the Secretary of Transportation and, under certain conditions, the States or the Attorney General.[1]  See 49 U.S.C. §§ 20111-20113. As such, every court to address the issue has found that

---

[1] Employees of a railroad may also file an action to compel the Secretary of Transportation to issue a safety regulation. See 49 U.S.C. § 20104(c). Such relief is not sought here.

4

there is no express or implied private remedy under the FRSA. *See, e.g., Abate v. S. Pac. Transp. Co.*, 928 F.2d 167, 169-70 (5th Cir. 1991); *Nippon Yusen Kaisha v. Union Pac. R.R. Co.*, No. CV048861GAF (RZX), 2005 WL 1241866, at *1-2 (C.D.Cal May 10, 2005). Walsh has not provided any reason to reject this view, or even cited to a potentially applicable provision under the FRSA. Accordingly, the court dismisses Walsh's claim thereunder.

### 2.    Interstate Commerce Commission Termination Act

The ICCTA was enacted for the purpose of minimizing regulation of the rail and motor carrier industries. See H.R. Rep. No. 104-311, at 82 (1995), *reprinted in* 1995 U.S.C.C.A.N. 793, 793. The Act eliminated the Interstate Commerce Commission and replaced it with the Surface Transportation Board ("STB"), which essentially acts as a judicial and regulatory body for issues arising under ICCTA. *See* 49 U.S.C. § 701. The provisions of the ICCTA are wide ranging, addressing everything from standards for establishing rates and routes to licensing, finance, transportation and operations. Private actions under the ICCTA are limited to those alleging violation of a specific provision thereunder or an order of the STB. *See* 49 U.S.C. § 11704.

In the present instance, Walsh alleges in conclusory fashion that CSX violated the ICCTA. The complaint does not specify a section of the ICCTA or order of the STB which has been violated, or even articulate how CSX's actions give rise to a violation under the Act. Thus, as the allegations surrounding Walsh's ICCTA claim clearly fail to raise a right to relief above the speculative level, the court dismisses such claim.

### 3. The New York Railroad Law

The New York Railroad Law is New York's codified scheme for regulating the railroad industry. Again, Walsh's complaint and briefing fail to indicate how CSX's conduct violated the New York Railroad Law, or which section thereunder was breached. The court notes that only Sections 97 and 97-a of the Railroad Law deal with private rail crossings. Both sections, however, merely delineate the obligations of the Commissioner in establishing a new rail crossing or closing an old one. Neither section appears to provide an individual cause of action against a private rail carrier for the closure of a rail crossing. Accordingly, the court grants CSX's motion to dismiss Walsh's' claim under the Railroad Law.

### 4. Section 1983 Claims

Walsh's final statutory claim arises under § 1983, and appears to

allege an unconstitutional taking.  In order to state a claim under § 1983, a plaintiff must allege 1) that he was subjected to conduct which deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States; and 2) that such deprivation was attributable at least in part to a person acting under color of state law.  *See Eagleston v. Guido,* 41 F.3d 865, 876 (2d Cir. 1994).  Here, Walsh gives no indication that CSX's actions were taken under color of state law.  As such, the court agrees with CSX's contention that this claim must be dismissed.

## B. Common Law Trespass Claim

Walsh's remaining claim is for common law trespass.  CSX's sole argument for dismissal of this claim is that it is time barred by a three year statute of limitations under CPLR 214(4).  Here the court cannot agree.

Initially, it is noted that Walsh's counsel claims he had an agreement with CSX's prior counsel, whereby a previous action between the parties arising out of the events at issue was voluntarily discontinued on the condition that the statute of limitations for this action would be tolled.  (See Dkt. Nos. 33, 37.)  This assertion is admittedly highly suspect, as the documents attached in support of it reveal nothing more than a voluntary stipulation of discontinuance without prejudice.  (See Exs. 2 and 3; Dkt. No.

7

33.) In an abundance of caution, however, the court will accept that there is a factual dispute on the matter for current purposes.

Even if the court were to assume the absence of the purported tolling agreement, however, Walsh's trespass claim still would not be time barred. To the extent the private rail crossing remains blocked, the trespass is clearly a continuing one which gives rise to a perpetual cause of action.[2] *See Cranesville Block Co. v. Niagra Mohawk Power Corp.*, 175 A.D.2d 444, 446 (3d Dep't 1991) (defendants' placement of gas line which interfered with plaintiff's rail easement was a continuing trespass). *See also Bloomingdales, Inc. v. N.Y. City Transit Auth.*, 52 A.D.3d 120, 124-25 (1st Dep't 2008). Further, insofar as Walsh seeks to have the rail crossing reopened and other equitable relief, the trespass claim is timely under the six year statute of limitations CPLR 213 provides for equitable actions.[3]

---

[2] It is not entirely apparent from the complaint whether the crossing remains blocked or has been destroyed. If the latter, Walsh's claim accrued upon the destruction of the crossing and is not a continuing trespass. *See Cranesville Block Co., Inc. v. Niagra Mohawk Power Corp.*, 175 A.D.2d 444, 446 (3d Dep't 1991) (claim arising out of defendants severing of rail tracks was a "permanent trespass" which accrued when damage was apparent). Discovery is necessary to resolve this issue.

[3] CSX claims that CPLR 213 is inapplicable because Walsh has also requested damages. However, such legal remedies are sought only in the alternative, would not afford Walsh full relief, and are thus incidental to the equitable remedies demanded. Under such circumstances, New York's courts and commentators agree that plaintiffs are not limited to the usually shorter statutes of limitations applicable to legal claims. *See Sptizer v. Schussel*, 792 N.Y.S.2d 798, 801 (N.Y. Sup. Ct. 2005) (applying CPLR 213 to breach of fiduciary duty claim where damages sought were ancillary to equitable relief); DAVID D. SIEGEL, NEW YORK

8

Thus, the court declines to dismiss Walsh's trespass claim on the basis of CSX's statute of limitations arguments.[4]

## C. Request to Amend

Finally, the court notes that Walsh has requested permission to amend her complaint to the extent it is found to be inadequate.

FED. R. CIV. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Here, however, no explanation is given as to how the complaint would be amended to remedy the above noted defects. Perhaps the court is expected to sift through entire acts of law, meticulously discerning potential causes of action and reporting back as to their elements. Needless to say, this is not the court's responsibility. *See, e.g., Seils v. Rochester City Sch. Dist.*, 192 F. Supp. 2d 100, 126 (W.D.N.Y. 2002). Walsh's counsel was afforded no fewer than six extensions to respond to CSX's motion to dismiss, but has still completely failed to address the inadequacies noted therein or how such inadequacies

---

PRACTICE § 36 (4th ed. 2005) (stating "[i]f the legal alternative is inadequate ... the plaintiff who sues in equity is not beholden to the law period" such that CPLR 213 will apply).

[4]There is a question as to whether this claim is preempted by the ICCTA. However, in response to the court's request for supplemental briefing on this issue, CSX has indicated its belief that further factual development is required to properly resolve the matter. (See Dkt. No. 40.) As such, the court declines to rule on it here.

could be righted. As such, the request to amend is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the CSX's motion to dismiss (Dkt. No. 16.) is granted to the extent dismissal of Walsh's claims under the FRSA, ICCTA, New York Railroad Law, and § 1983 is sought; and it is further

**ORDERED** that CSX's motion to dismiss is denied to the extent dismissal of Walsh's common law trespass claim is sought; and it is further

**ORDERED** that Walsh's request to amend is denied; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: February 18, 2009

Gary L. Sharpe
U.S. District Judge